CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 15, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ROBERT HILL,** | ) | |
| Petitioner, | ) | Case No. 7:26cv00529 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **JOSEPH W. WALTERS,**[1] | ) | By:  Robert S. Ballou |
| Respondent. | ) | United States District Judge |

Robert Hill, an inmate proceeding *pro se*, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.   Hill is currently serving sentences imposed by the Circuit Court for the County of Wise, and he claims that the respondents have improperly calculated his sentences.   For the following reasons, the court concludes that the petition is properly construed as a habeas petition under 28 U.S.C. § 2254.   Because Hill has not yet exhausted his state court remedies, the court will summarily dismiss the petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

It is well settled that the "exclusive vehicle" for "habeas relief for prisoners in custody under a state judgment" is a petition filed under 28 U.S.C. § 2254.   *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (internal quotation marks omitted).   Consequently, "regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254 . . . , even if they challenge

---

[1] Under Rule 2(a) of the Rules Governing Section 2254 Cases, if the petitioner is in custody pursuant to a state court judgment, the respondent in a habeas petition shall be the state officer who has custody.   That officer is Joseph W. Walters, Director of the Virginia Department of Corrections.   Joseph W. Walters shall be named as the respondent, and the Clerk shall update the docket accordingly.

the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) (internal quotation marks omitted).

A federal court may not grant relief under § 2254 unless a petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. 28 U.S.C. § 2254(b).   The exhaustion requirement is satisfied by presenting a claim to the highest state court with jurisdiction to consider the claim.   *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "To exhaust remedies as to a sentence miscalculation claim, [a Virginia] inmate may pursue a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia," or the inmate "can file a state habeas petition directly with the Supreme Court of Virginia." *Bassett v. Johnson*, No. 7:09-cv-00456, 2009 WL 4280288, at *2 (W.D. Va. Nov. 30, 2009) (citing Va. Code Ann. §§ 8.01-654(A)(1), 17.1-411).   Whichever route the inmate pursues, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254. *O'Sullivan*, 526 U.S. at 845.

In the pending petition, Hill alleges that he filed a § 1983 lawsuit with the Western District of Virginia challenging the calculation of his sentence.   As § 1983 is not the correct vehicle to challenge the length of his sentence, Hill's case was dismissed.   *Hill v. Court and Legal Dep't of Corrs.*, No. 7:26-cv-00340, 2026 WL 1718728 (W.D. Va. June 12, 2026). However, he does not allege that he presented his claims to the Supreme Court of Virginia, and the state's online appellate court management system indicates that no petition has been filed with the state's highest court.   Because Hill has not exhausted available state remedies, the court will summarily dismiss the petition without prejudice. If Hill's state petition is unsuccessful and

be believes "that he is in custody in violation of the Constitution or laws of . . . the United

States," he may refile a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

For these reasons, Hill's petition is **DISMISSED WITHOUT PREJUDICE** for failure

to exhaust state court remedies.   An appropriate order will be entered.

Enter:   July 14, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge